**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SANTIAGO ARIAS ALONZO,** | **Civil Action No. 26-1614 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LADEON FRANCIS, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      On February 10, 2026, Petitioner Santiago Arias Alonzo's filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") through counsel in the United States District Court for the Southern District of New York ("Southern District").  (ECF No. 3).  District Judge Margaret M. Garnett issued an order directing Respondents to show cause why the Petition should not be granted.  (ECF No. 4).

2.      On February 17, 2026, the parties submitted an order transferring the Petition from the Southern District to this District as Petitioner was detained in New Jersey.  (ECF No. 7).  The Petition was transferred to this District on February 18, 2026.  (ECF No. 9).

3.      A docketing error left Petitioner's contact information blank, meaning he did not have counsel or his address at Delaney Hall listed.  (ECF No. 16-9 at 2).

4.      On February 19, 2026, this Court ordered Respondents to either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or to file an expedited answer.  (ECF No. 10).

5.      Respondents submitted a letter on February 23, 2026 stating that a bond hearing was scheduled for February 26, 2026.  (ECF No. 12).

6.      Respondents submitted another letter on March 1, 2026 stating that Immigration Judge Shana Chen denied Petitioner's bond request after concluding that he was a flight risk and a danger to the community.  (ECF No. 13).

7.      This Court closed the proceedings on March 6, 2026.  (ECF No. 14).

8.      On April 24, 2026, Petitioner filed a motion to vacate the dismissal order pursuant to Rule 60(b)(1) ("Motion").  (ECF No. 16).  He argued that the docketing error prevented him from participating in the proceedings because the law firm that represented him before the Southern District did not enter an appearance in this Court and never told him that he would have to proceed *pro se*.  (ECF No. 16-1 at 7).

9.      He further argued that Immigration Judge Chen refused to consider evidence that Petitioner's counsel submitted and screamed at counsel throughout the proceedings.  (*Id.* at 8). Counsel requested to reschedule the hearing, but Immigration Judge Chen denied the request "still yelling" at counsel.  (*Id.* at 9).

10.      "When counsel again asked the court not to yell at him, the immigration judge responded by telling counsel not to 'act like a child.'"  (*Id.*)

11.      "The Court then permitted counsel to provide only oral arguments.  As for the evidence, counsel was not even allowed to discuss the evidence he submitted, as it was not entered into evidence nor was it reviewed by the court."  (*Id.*)

12.      Respondents oppose the Motion, arguing that the docketing "'mistake' was not a legal error relating to the integrity of the habeas proceedings."  (ECF No. 17 at 1).  They further argue that the bond hearing was fundamentally fair and satisfied due process.  (*Id.* at 3).

13.      "Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'"  *Kemp v. United States*, 596 U.S. 528, 533 (2022).  Neither

counsel's nor Petitioner's contact information was placed onto the docket when the Petition was transferred from the Southern District. This was not Petitioner's fault; it was a mistake. Thus, it can be corrected via Rule 60(b)(1).

14.     "The core process due under the Constitution is notice and a meaningful opportunity to be heard." *Parker v. New Jersey Motor Vehicle Comm'n,* 158 F.4th 470, 482 (3d Cir. 2025) (cleaned up). Petitioner certified that he had no knowledge of the proceedings before this Court. (ECF No. 16-13 ¶¶ 13-14). Through no fault of his own, Petitioner was not notified of the proceedings in this District and was deprived of the chance to be heard by this Court. Accordingly, this Court will grant the Motion and reopen the proceedings.

15.     This Court's conclusion that § 1226(a) governs Petitioner's detention does not change. *See Bethancourt-Soto v. Soto, et al.*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025); *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025).

16.     To the extent Petitioner challenges the February 26, 2026 bond hearing, this Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). This Court concludes that Petitioner has made this showing.

17.     In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

18.     Immigration Judge Chen refused to consider the documents Petitioner submitted in support of his bond application.  (ECF No. 16-3 at 5-8).  The stated reason was that the documents were submitted "too late."  (*Id.* at 5).  The habeas order does not permit Petitioner to ignore the procedural rules of the immigration court, but there is no indication that Petitioner's filings did not comply with the rules.  Instead, Immigration Judge Chen deemed the documents late because they were filed after she left the office for the day, stating she did not "have the flexibility to sit and wait" and did not check her messages after leaving the office.  (*Id.*)[1]

19.     This Court is well-aware of the amount of immigration petitions that have been filed in this District, but this does not justify failing to review submitted documents unless Petitioner violated a court procedural rule or order.  Respondents point to no immigration court rule or prior order that would make Petitioner's submission late.  (*See generally* ECF No. 17).

20.     Petitioner was deprived of an individualized determination of his bond-worthiness because the immigration judge refused to consider Petitioner's submissions and relied wholly on the documentary evidence produced by Respondents.  (ECF No. 16-3 at 15).

21.     Accordingly, this Court will order a new bond hearing before a *different* immigration judge to avoid the appearance of bias.[2]

22.     Petitioner's counsel shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention.

---

[1] There is no explanation why the documents could not have been reviewed the following morning.

[2] This Court emphasizes that its findings are limited to the procedure before the immigration court and that it makes no findings as to the merits of Petitioner's bond application.

23.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: May 28, 2026